IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-0132-01-CR-W-GAF |
| ) | |
| THEODORE TIGER, JR., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| DANIEL J. ROSS, ) | |
| ) | |
| An Interested Party. ) | |

## AMENDED ORDER OF CONTEMPT

Comes now the Court herein and pursuant to the Motion for Reconsideration and/or to Modify the Contempt Citation (Doc. #121) by Daniel J. Ross, an interested party, hereby enters an Amended Order of Contempt.

   18 U.S.C. § 401 reads:

   A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as–

   (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

   . . . .

   (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Fed. R. Crim. P. 42(b) provides for summary disposition of criminal contempt committed in the actual presence of the court.

In the underlying action herein, Defendant Tiger was charged in a four-count indictment with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 846, distribution of a controlled substance in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B) and unlawful transport of a firearm in violation of 18 U.S.C. §§ 922 (g) and 924(a)(2).

Preliminary proceedings in Defendant Tiger's case were handled by the Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri. In matters before Judge Maughmer, Defendant Tiger became dissatisfied with previously appointed counsel and requested that he be allowed to represent himself. Defendant Tiger was allowed to do so with the appointment of standby counsel, Daniel J. Ross. After the appointment of Mr. Ross, trial for the underlying case herein was set by Judge Maughmer, at the specific request of Mr. Ross, to begin on July 27, 2009. Mr. Ross was ordered to appear for trial beginning at 8:30 a.m., on said date before the undersigned Judge Gary A. Fenner.

Unbeknownst to either Judges Maughmer or Fenner, Mr. Ross also represented a defendant in the case of *State of Missouri v. Steven Burns*, Case Number 07CY-CR00411, before the Honorable Larry Harman, Circuit Judge, Clay County, Missouri. The trial before Judge Harman on a charge of first degree murder was also set to begin on July 27, 2009, in Clay County, Missouri.

On Friday, July 24, 2009, Mr. Ross contacted this Court's courtroom deputy, Ms. Tracy Diefenbach, and informed her that he had a guilty plea set in Clay County, Missouri, the morning of July 27, 2009. This was the first notice provided to the Court of any conflicting schedule of Mr. Ross. Mr. Ross was advised by Ms. Diefenbach that he had been ordered to appear in this

Court at 8:30 a.m., and that he should do so. Mr. Ross stated that he would come to this Court as soon as he concluded the guilty plea in Clay County.

On Monday, July 27, 2009, Mr. Ross called Ms. Diefenbach between 7:30 and 7:45 a.m. Mr. Ross stated that he was on his way to Clay County to talk to his client about pleading guilty. Mr. Ross stated that his client had indicated that he did not wish to plead guilty but Mr. Ross believed his client would change his mind after Mr. Ross had an opportunity to speak with him. Ms. Diefenbach reminded Mr. Ross that he was to be in this Court at 8:30 a.m. At approximately 8:10 a.m., on July 27, 2009, Mr. Ross telephoned Ms. Diefenbach once again and advised that he had not yet had a chance to talk to his client in Clay County. Ms. Diefenbach again advised Mr. Ross that he had been ordered to appear in this Court at 8:30 a.m. Mr. Ross asked Ms. Diefenbach if he could have Judge Harman call Judge Fenner.

Shortly thereafter, Judge Harman called the undersigned and advised that Mr. Ross was seated with him as he made the call. Judge Harman stated Mr. Ross had just been offered a plea bargain in the Clay County case, but that Mr. Ross had not yet had an opportunity to speak with his client regarding the plea offer. The undersigned advised Judge Harman that this Court had no prior notice of a conflicting trial setting, that Mr. Ross had been ordered to appear in this Court at 8:30 a.m., and that he was expected to do so. Judge Harman advised that he would call back once Mr. Ross had an opportunity to speak with his client.

In a final conversation initiated by Judge Harman at approximately 9:30 a.m., Judge Harman advised the undersigned that Mr. Ross's client in Clay County had rejected the plea bargain and that the first degree murder trial in Clay County would proceed. Judge Harman also advised the undersigned that the case in Clay County was on the docket for trial, the victim's

3

family was all present and wished to proceed, the case had been continued several times previously, and that the prosecutor was ready to proceed to trial. Judge Harman expressed that he would require that Mr. Ross remain in Clay County for trial.

Thereafter, at 10:00 a.m. on July 27, 2009, a record was made continuing Defendant Tiger's case, removing Mr. Ross as standby counsel, discharging the 44 potential jurors summoned, and finding Mr. Ross in criminal contempt. In finding Mr. Ross in contempt, the Court considered his direct disobedience of the Court's order to appear for trial and the resulting obstruction to the administration of justice.

At approximately 11:00 a.m., Mr. Ross appeared before this Court apparently having been granted a break in the Clay County proceeding so that he could address his failure to appear herein. Upon his arrival, Ms. Diefenbach provided Mr. Ross with a copy of the Court's initial Order finding him in contempt and he asked to be heard. By his remarks to the Court, it was clear that he was to return to Clay County to proceed with trial after having the opportunity to address his failure to appear herein. In addressing the Court, Mr. Ross stated:

> "I have always generally more than one trial set. I do my best to accommodate. I thought it would be disingenuous to seek a continuance this week. In fact, I had requested this matter be set this week for that purpose."

Finding Mr. Ross's explanation that he generally sets more than one trial and then does his best to accommodate insufficient to excuse his failure to obey the Court's order to appear for trial herein, his request for reconsideration was denied.

Among the matters which the Court considers constituting an obstruction of justice are the following: Defendant Tiger was not afforded the assistance of standby counsel and was not permitted to proceed; the Government was present, had summoned its witnesses, was ready to

4

proceed, but not permitted to do so; forty-four citizens had been summoned to the courthouse to potentially serve as jurors and they were discharged; this Court had a conflicting civil case set for July 27, 2009, which case was continued on July 23, 2009, because of the trial setting in Defendant Tiger's case.

Mr. Ross's conduct was in direct disobedience of this Court's order to appear for trial, caused a significant obstruction to the administration of justice and great inconvenience, expense, and difficulty for many individuals as referenced herein.  Mr. Ross's conduct exhibited a reckless disregard for his professional duty.  The undersigned hereby certifies he witnessed Mr. Ross's disobedience of this Court's order to appear for trial and the resulting consequences.

WHEREFORE, upon reconsideration, the Court's Order of Criminal Contempt stands, however, the punishment is modified to a period of two consecutive days or 48 consecutive hours with Mr. Ross to self surrender to the custody of the United States Marshal on or before noon on September 8, 2009.

s/ Gary A. Fenner  
Gary A. Fenner, Judge  
United States District Court

DATED:   August 14, 2009

5

Case 4:08-cr-00132-GAF   Document 122   Filed 08/14/09   Page 5 of 5